UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

NISSIM HEN,

       Plaintiff,                                           Memorandum and Order

                                                         13 Civ. 0624 (ILG) (RML)

  - against -

AUDREY J. LUTZ PARMA, ESQ.,

       Defendant.
------------------------------------------------------x

GLASSER, United States District Judge:

Nissim Hen ("plaintiff") brings this action against Audrey J. Lutz Parma ("defendant"), an attorney who is also a debt collector, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and New York General Business Law § 349. After the Clerk of the Court entered a notation of default, plaintiff moved for default judgment and defendant opposed that motion and moved to set aside the entry of default. For the following reasons, the Court grants defendant's motion to set aside the entry of default and denies plaintiff's motion for default judgment as moot.

## BACKGROUND

Plaintiff filed his Complaint on February 4, 2013, alleging that defendant violated several provisions of the FDCPA when she left a voicemail on his answering machine. Dkt. No. 1. Apparently unaware that she was required to file her Answer via the Court's electronic filing system, on March 27, 2013, defendant mailed her Answer to plaintiff and to the Court by certified mail. Defendant's Opposition to Plaintiff's Motion for

1

Entry of Judgment Pursuant to Clerk's Entry of Default ("Def.'s Opp'n") at 5 (Dkt. No. 10). The Court received the Answer but plaintiff did not. Id. at 5 & Exs. 1, 3 & 4.

On April 10, 2013, plaintiff requested a certificate of default and the Clerk of the Court made an entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Dkt. Nos. 6 & 7. After being notified by this Court that defendant's Answer previously had been received in the mail, the Chief Deputy for Court Operations left a voicemail for defendant, informing her that she needed to file her Answer electronically. Defendant did so on April 17, 2013. Dkt. No. 8. Nevertheless, plaintiff moved for default judgment on April 30, 2013. Dkt. No. 9. Defendant opposed that motion on May 6, 2013, arguing that the Court should set aside the entry of default and deny plaintiff's motion for default judgment. Dkt. No. 10.

## DISCUSSION

Pursuant to Rule 55(c), the Court "may set aside an entry of default for good cause." To determine whether good cause exists, the Court considers "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001) (quotation omitted). "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). Thus, "good cause" is "construed generously." Id. (citations omitted).

The entry of default in this case is set aside for good cause. First, defendant did not willfully default. Default is willful where "the defendant made a strategic decision and deliberately chose not to appear. Mere negligence or carelessness is insufficient for

a finding of willfulness." Shmerkocvich v. RMC Consulting Grp. LLC, No. CV 2009-5490 (KAM)(MDG), 2011 WL 887871, at *2 (E.D.N.Y. Jan. 31, 2011) (citations omitted). Although defendant did not timely file her Answer electronically or by mail, her delay in appearing due to unfamiliarity with the applicable rules constitutes negligence rather than willful default.[1]  Furthermore, she filed the Answer electronically soon after being notified of her error.

Second, setting aside the default will not prejudice plaintiff. "[D]elay standing alone does not establish prejudice." Enron, 10 F.3d at 98. "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983) (quotation omitted). Here, defendant's three-week delay in electronically filing her Answer will not affect plaintiff's ability to proceed with his case, particularly because plaintiff waited more than a month to serve defendant. See Dkt. Nos. 1 & 5.

Finally, defendant has presented meritorious defenses. "A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense. The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." Enron, 10 F.3d at 98. "[T]he defense need not be ultimately persuasive at this stage." Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996).

The FDCPA requires a debt collector's initial communication to a consumer to disclose "that the debt collector is attempting to collect a debt and that any information

---

[1] Even if defendant believed that she was permitted to mail her Answer, it should have been received by March 27, 2013 rather than mailed by that date. See Fed. R. Civ. P. 6(a)(4).

obtained will be used for that purpose," and subsequent communications to disclose that they are "from a debt collector." 15 U.S.C. § 1692e(11). The act also prohibits a debt collector from communicating with most third parties "in connection with the collection of any debt" without the consumer's consent. Id. § 1692c(b).

The Complaint alleges that the following voicemail left on plaintiff's answering machine violated § 1692e(11) and similar provisions[2] because it did not disclose defendant's identity as a debt collector:

> [H]ello my message is for Nissim Hen my name is Audrey Parma, I'm an attorney, I'm returning Mr. Hen's call, my telephone number is 914-909-3601 my telephone number again is 914-909-3601 your case number is A394186, I need you to call my office back before Wednesday of this week, I will be in the office until 6 pm this evening, and again from 9-5 tomorrow, please give my office back the call prior to Wednesday and I appreciate you responding[. T]hank you[.]

Complaint ¶¶ 20–25. Plaintiff further alleges that defendant violated § 1692c(b) because the voicemail, which was overheard by plaintiff's son, disclosed that plaintiff "owed a debt and was being contacted by a debt collector." Id. ¶¶ 13–14.

Among other defenses, defendant argues that her voicemail complied with § 1692e(11). She contends that she initially communicated with plaintiff by letter and identified herself as a debt collector in that letter. After receiving the letter, plaintiff left a voicemail for defendant requesting that she return his call. When defendant did so two days later and left the voicemail quoted above, she sufficiently disclosed her identity by stating her name because plaintiff would recognize her name as a debt collector. Answer at 4–5. Defendant's argument involves an interpretation of the FDCPA's

---

[2] Those provisions are § 1692d(6), which prohibits "the placement of telephone calls without meaningful disclosure of the caller's identity," and § 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

disclosure requirement regarding subsequent communications to be considered at a later stage in the litigation.  At this stage, "it would be unfair to deprive defendant[] of an opportunity to present [her] defense in court, regardless of whether it will ultimately carry the day."  Flanagan v. Modern Concrete Corp., No. 07-CV-499 (JFB)(ARL), 2008 WL 2559377, at *5 (E.D.N.Y. June 23, 2008).

Defendant also argues that plaintiff's allegation that she violated § 1692c(b) is directly contradicted by the text of the voicemail provided in the Complaint and the claim that defendant violated § 1692e(11) by <u>not</u> disclosing her identity as a debt collector.  Answer at 2–3.  This defense is plainly meritorious.

## CONCLUSION

For the foregoing reasons, the Court sets aside the entry of default and denies plaintiff's motion for default judgment as moot.

**SO ORDERED.**

Dated:   Brooklyn, New York
         May 21, 2013

                                            /s/
                                    I. Leo Glasser
                                    United States District Judge